**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Nancy Ring,                                )   No.  CV-24-00630-PHX-SPL
                                           )
                    Plaintiff,             )
                                           )   **ORDER**
vs.                                        )
                                           )
City of Chandler, et al.,                  )
                                           )
                    Defendants.            )
                                           )

Before the Court is the City of Chandler's Motion to Quash or Modify Plaintiff's Rule 30(b)(6) Subpoena (Doc. 103), Plaintiff's Response (Doc. 106), and the City of Chandler's Reply (Doc. 107). The Court rules as follows.[1]

## I.    BACKGROUND

This case arises from an incident wherein Richard Ring was fatally shot by Chander Police Department Officer Kristoffer Buchanan. (Doc. 36). At the outset, the Court notes that the City of Chandler is no longer a party to this case. (*See* Docs. 35, 36). The only remaining claim in this case is Plaintiff Nancy Ring's claim for excessive force against Defendant Buchanan. (Doc. 36). This Motion, filed by the City of Chandler, seeks to quash a subpoena issued by Plaintiff to the City for a 30(b)(6) deposition. (Doc. 96). Plaintiff seeks to depose a representative from the City of Chandler regarding five topics:

---

[1]    Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1. CITY OF CHANDLER policies, procedures, training materials, and General Orders in effect on March 29, 2023, regarding contact with mentally impaired arrest subjects, and any changes in the same thereafter.

2. CITY OF CHANDLER policies, procedures, training materials, and General Orders in effect on March 29, 2023, regarding de-escalation and crisis-intervention pertaining to mentally impaired arrest subjects, and any changes in the same thereafter.

3. CITY OF CHANDLER policies, procedures, training materials, and General Orders in effect on March 29, 2023, regarding use of lethal force pertaining to mentally impaired arrest subjects, and any changes in the same thereafter.

4. ARIZONA POST (Police Officer Standards and Training) policies and procedures in effect on March 29, 2023, regarding de-escalation and crisis-intervention pertaining to mentally impaired arrest subjects, and any changes in the same thereafter.

5. ARIZONA POST policies and procedures in effect on March 29, 2023, regarding use of lethal force pertaining to mentally impaired arrest subjects, and any changes in the same thereafter.

(Doc. 96 at 11).

## II.    LEGAL STANDARD

"Rule 45 governs discovery of non-parties by subpoena." *Knox v. City of Pasadena*, 2:23-cv-04447-MEMF(PDx), 2023 WL 9644853, at *1 (C.D. Cal. Dec. 18, 2023). "The scope of discovery that can be obtained by a subpoena under Rule 45 is the same as that under Rule 26(b)." *Id.* In addition, a Court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The City of Chandler argues that the information about the training policies and procedures is not relevant to the excessive force claim and that a 30(b)(6) deposition would cause an undue burden, especially because Plaintiff already has written discovery relating to the policies and procedures. (Doc. 103 at 4–6).

## III.    DISCUSSION

First, the Court finds that the noticed topics relating to the City's policies and procedures are relevant to the excessive force claim. Plaintiff requests City of Chandler "policies, procedures, training materials, and General Orders" regarding contact, de-escalation and crisis intervention, and use of lethal force "pertaining to mentally impaired

arrest subjects" that were in effect at the time of the incident. (Doc. 96 at 11). While these policies and procedures may not be dispositive of whether Defendant Buchanan's use of force was greater than reasonable under the circumstances, *see, e.g.*, *Outley v. Moir*, No. CV 19-00019-PHX-JAT (JFM), 2022 WL 874282, at * 10 (D. Ariz. Mar. 24, 2022), "internal policy guidelines" may still be "relevant to determining whether use of force is objectively reasonable," at least for purposes of discovery. *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994). Therefore, the Court finds those topics to be relevant under Rule 26.

A 30(b)(6) deposition is also proportional to the needs of the case, and a deposition will not present an undue burden to the City of Chandler. The City argues that it has already provided Plaintiff with Defendant Buchanan's "complete training file, Chandler Police Department's General Order regarding Use of Force (which includes de-escalation), and its Advanced Officer Training on defensive tactics. The City also produced the 17-page Internal Affairs report which determined this shooting to be within department policy." (Doc. 103 at 5). The City also argues that Plaintiff may question Defendant Buchanan about the training policies in his deposition. (*Id.* at 6). Although Plaintiff is already in possession of relevant training documents, it is proportional to the needs of the case for Plaintiff to depose a representative and ask questions about those documents. *See Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. Sept. 10, 2012) ("[I]n responding to a Rule 30(b)(6) notice or subpoena, a corporation may not take the position that its documents state the company's position."); *Estate of Marshall v. Forest Grove*, 2023 WL 6476618, at *7 (D. Or. Oct. 5, 2023) (Instructing a party to tailor their deposition topics but stating, "the court is not signaling that plaintiffs cannot inquire about the training records and materials and written policies or protocols that are produced"). Therefore, the 30(b)(6) deposition, in and of itself, will not cause an undue burden and is proportional to the needs of the case.

Finally, the City argues that the Court should, at least, modify the subpoena. (Doc. 103 at 6–7). Specifically, the City asserts that the requests for materials on "contact," "de-escalation and crisis intervention" are vague, overbroad, and duplicative. (*Id.* at 6). The

3

City also argues that "Plaintiff has set forth no evidence of a diagnosed mental illness," so the topics related to mental impairment and mental illness are overboard and irrelevant. (*Id.* at 6–7). "Although a Rule 30(b)(6) deposition may necessarily entail considerable preparation, the court has a duty to protect a party from being needlessly burdened." *Nichols v. Credit Union 1*, No. 2:17-cv-02337-APG-GWF, 2018 WL 11404371, at *2 (D. Nev. Dec. 26, 2018). To that end, courts have "repeatedly emphasized the practical constraints on the scope of a [Rule] 30(b)(6) deposition" in that it is not feasible for "a Rule 30(b)(6) witness to know the intimate details of everything." *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO, 2016 WL 11683593, at *7–8 (C.D. Cal. Oct. 26, 2016). "The reasonableness of the length and scope of a Rule 30(b)(6) deposition notice turns on the circumstances of each case." *Reno v. W. Cab. Co.*, No. 2:18-cv-00840-APG-NJK, 2020 WL 5902318, at *2 (D. Nev. Aug. 31, 2020).

Here, the Court does not believe that the deposition topics related to the Chandler policies and procedures are unreasonably duplicative of other discovery or will cause needless burden to the City of Chandler. And although the City argues that Plaintiff has not shown *evidence* of decedent's mental illness, the Complaint alleges "Ring suffered from mental illness." (Doc. 36 at 3, ¶ 8). Further, Plaintiff argues that the term mentally impaired "encompasses individuals like Mr. Ring whose cognitive reasoning is impaired by substances." (Doc. 106 at 6). Therefore, the inquiries in topics 1–3 are relevant here.

However, the Court finds that topics four and five concerning the "Arizona POST" policies and procedures would create an unfair and unfeasible burden for the City of Chandler. The City explains that "AZ POST is an independent entity established by [state] statute" that is "responsible for establishing minimum qualifications for officers to be certified as peace officers in Arizona." (Doc. 103 at 7). In response, Plaintiff asserts that all City of Chandler police officers must be AZ POST-certified and that "Chandler PD's general orders are based on POST standards." (Doc. 106 at 7). Even so, the Court finds that the scope of the information sought related to AZ POST polices and procedures is excessive for this 30(b)(6) deposition. *See HVI Cat Canyon*, 2016 WL 11683593, at *7–8.

Therefore, the Court will grant the request to modify the subpoena to the extent that the City's 30(b)(6) witness may only be examined on the topics 1–3, relating to the City's policies and procedures.

Accordingly,

**IT IS THEREFORE ORDERED** that the City of Chandler's Motion to Quash or Modify Plaintiff's Rule 30(b)(6) Subpoena (Doc. 103) is **granted in part and denied in part** in accordance with this Order. The Court **grants** the City of Chandler's request to modify the subpoena to exclude the topics relating to Arizona POST policies and procedures. The Motion is **denied** in all other respects.

Dated this 23rd day of March, 2026.

Honorable Steven P. Logan
United States District Judge